**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 31, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP862-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF860

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

KYLE T. BRAUN,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Waukesha County: JENNIFER R. DOROW, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Kyle T. Braun appeals from a judgment of conviction entered after he pled guilty to one count of operating while intoxicated (OWI), fourth offense, in violation of WIS. STAT. § 346.63(1)(a) (2021-22).[1] Braun contends that the circuit court erred in denying his motion to collaterally attack his second OWI conviction so that it would not be factored into his sentence. In the motion, Braun argued that his second conviction, which also rested on a guilty plea, was invalid because he did not knowingly, intelligently, and voluntarily waive his right to counsel before he pled guilty. Because Braun was unable to produce a transcript of the plea hearing for his second conviction or present other evidence sufficient to establish what occurred at the hearing, we agree with the circuit court that Braun failed to show that his second conviction was obtained in violation of his right to counsel. Accordingly, we affirm.

¶2 In August 2021, the State charged Braun with OWI, fourth offense, and operating with a prohibited alcohol concentration, fourth offense.[2] As Braun had three prior OWIs, a fourth OWI conviction would constitute a Class H Felony under Wisconsin's escalating penalty scheme for repeat OWIs. *See* WIS. STAT. § 346.65(2)(am)4. Braun moved to collaterally attack and preclude the use of his second OWI conviction in sentencing. He argued his second conviction, which occurred in April 2002, was constitutionally invalid because he did not give a knowing, voluntary, and intelligent waiver of his right to counsel at his plea hearing. In support of his motion, Braun averred in an affidavit that no colloquy

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] The State also charged Braun with OWI causing injury as a second or subsequent offense and operating with a prohibited alcohol concentration causing injury as a second or subsequent offense. Those charges are not involved in this appeal.

about his right to counsel took place at the hearing, contrary to the requirements of *State v. Klessig*, 211 Wis. 2d 194, 206, 564 N.W.2d 716 (1997). Braun also averred that he had been generally unaware of his right to counsel during his hearing.

¶3 Due to the passage of time since Braun's second conviction, no transcript of the plea hearing was available. Thus, Braun's motion rested on his own recollection of the hearing and a screenshot of a CCAP record related to the plea hearing. But when testifying at the motion hearing, Braun struggled to establish a clear recollection of events. While Braun had averred in his affidavit that no colloquy about his right to counsel took place, he acknowledged on the stand that he did not recall whether or not he was asked about waiving the right to counsel, that it was possible that such a colloquy took place, and that he might have simply forgotten it happened. Braun acknowledged that he "[p]robably" received a copy of the criminal complaint in that case. He testified further that he was "sure" the circuit court had explained the minimum and maximum penalties, but could not recall what they were. Braun also testified that he had been represented in connection with his first OWI conviction and that from that experience he knew he had a right to an attorney at the second plea hearing.

¶4 The only other evidence of what happened at the 2002 plea hearing consisted of a screenshot of a CCAP record of the hearing, which displayed court notes stating in part: "Def given complaint, advised of charges, penalties and rights," and "Def. waives counsel." The State produced a copy of the criminal complaint, but of course its contents did not shed light on whether a plea colloquy occurred.

¶5      The circuit court denied Braun's motion.  The court explained that under ***State v. Clark***, 2022 WI 21, ¶18, 401 Wis. 2d 344, 972 N.W.2d 533, the absence of the plea hearing transcript meant that Braun retained the burden to establish, by clear and convincing evidence, that no knowing, voluntary, or intelligent waiver of his right to counsel took place.  The court reasoned that Braun failed to meet this burden because he "was not able to say with any specificity that—what the [court at the plea hearing] said or didn't say.  He just, frankly, wasn't sure."  The court observed that Braun was "guessing at times or, kind of, filling in the information" and that "he does not have a very good memory of what went on …."  Because Braun's testimony "was vague, was unclear, and was not specific enough as to what colloquy was done or not done," the court concluded that Braun had failed to produce clear and convincing evidence and denied his motion.  Braun subsequently pled guilty to OWI and was sentenced as a four-time offender under WIS. STAT. § 346.65(2)(g)1.

¶6      "We review de novo '[w]hether a defendant knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel.'" ***State v. Gracia***, 2013 WI 15, ¶11, 345 Wis. 2d 488, 826 N.W.2d 87 (alteration in original; quoting ***State v. Ernst,*** 2005 WI 107, ¶10, 283 Wis. 2d 300, 699 N.W.2d 92).  In doing so, "we apply constitutional principles to the facts of the case." ***Gracia***, 345 Wis. 2d 488, ¶11.  This court will uphold the circuit court's findings of fact unless they are "against the great weight and clear preponderance of the evidence." ***Phelps v. Physicians Ins. Co. of Wis.***, 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615 (citation omitted).

¶7      A defendant may collaterally attack prior OWI convictions where "the defendant was not represented and did not knowingly, intelligently, and voluntarily waive the right to counsel." ***Clark***, 401 Wis. 2d 344, ¶10.  To help

4

secure a valid waiver, circuit courts must conduct a colloquy that ensures the defendant: (1) deliberately chooses to proceed without counsel; (2) is "aware of the difficulties and disadvantages of self-representation"; (3) is "aware of the seriousness of the charge or charges against him"; and (4) is "aware of the general range of [potential] penalties." *Klessig*, 211 Wis. 2d at 206. The absence of a *Klessig* colloquy does not automatically invalidate a prior conviction but may "serve as the basis for a collateral attack." *Clark*, 401 Wis. 2d 344, ¶17.

¶8　　A defendant wishing to collaterally attack a prior conviction has the burden of proof and "'must prove manifest injustice by clear and convincing evidence.'" *Id.*, ¶13 (quoting *State v. Negrete*, 2012 WI 92, ¶29, 343 Wis. 2d 1, 819 N.W.2d 749). If a defendant can point to a defective colloquy in the plea hearing transcript, the burden shifts to the State to prove that the defendant made a knowing, voluntary, and intelligent waiver of their right to counsel. *Clark*, 401 Wis. 2d 344, ¶14. But if the transcript is missing or destroyed, this "burden-shifting procedure does not apply" and the burden of proof remains on the defendant. *Id.*, ¶20.

¶9　　On appeal, Braun acknowledges that *Clark* assigns him the burden to show a constitutional violation. He argues that "the record, or lack thereof, in tandem with his affidavit and his testimony from the motion hearing, satisfy his burden ...." But what Braun fails to acknowledge is that *Clark* assigns him the burden to establish the absence of a valid waiver through *clear and convincing evidence*. Braun's argument fails because the evidence he proffers cannot provide the clarity and specificity that *Clark* requires. When testifying, Braun could not recall in sufficient detail what was said to him at his plea hearing. In his brief, Braun acknowledges that he had no clear memory of his plea hearing's events. The CCAP record is of no help either: it summarizes the plea hearing's events but

does not state whether a colloquy took place. And finally, the criminal complaint in Braun's second OWI case contains no information about the plea hearing. Because neither the record nor Braun's testimony can show with sufficient clarity or specificity what was said at the plea hearing, Braun has not proved that his second OWI conviction was obtained in violation of his right to counsel.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.